**TEXAS STATE LIFE INS. CO. v. STECK CO.**

**No. 12737.**

Court of Civil Appeals of Texas. Dallas.

May 27, 1939.

Rehearing Denied June 17, 1939.

O. M. Street and George C. Cochran, both of Dallas, for plaintiff in error.

Lawther, Cramer, Perry & Johnson, of Dallas, for defendant in error.

BOND, Chief Justice.

The Steck Company, plaintiff in the court below, instituted this suit against the Texas State Life Insurance Company, primarily, for damages growing out of an alleged breach of contract. The contract,

as interpreted in pleadings and evidence by both parties, evidences an agreement of the Insurance Company to sell and deliver to The Steck Company two units of 50 fully paid shares of its stock, in consideration of the sum of $2,300, payable in three annual installments—$800 to be paid in 1936, $800 in 1937, and $700 in 1938. The contract also provides that the installments shall be paid in merchandise, and that, for any merchandise purchased during any year, in excess of the amount of the annual installment for that year, the Insurance Company shall pay, on regular terms of The Steck Company, the amount of such excess.

In 1936, there were sold and delivered to the Insurance Company, under terms and conditions of the contract, certain items of merchandise, in the sum of $1,279.27.

Plaintiff alleged that the defendant failed and refused to deliver the certificates of stock, and refused to pay the $479.27 for the additional merchandise furnished during the year 1936, above the annual $800 installment, thereby breaching the contract, for which plaintiff sought damages in the sum of $1,279.27; plaintiff further alleged, in the alternative, and sought recovery on, an itemized account in the sum of $1,279.-27, the full amount of merchandise furnished during 1936.

The defendant answered by general denial and specifically pleaded that plaintiff's cause of action is based on the contract, giving it the same interpretation claimed by plaintiff, and, in accordance therewith, tendered, if found to be indebted to plaintiff, a pro rata part of the amount of stock subscribed, in payment of $800 worth of said merchandise.

In limine, plaintiff dismissed its primary suit for damages arising from an alleged breach of the contract, thus leaving its cause of action based only upon an open account. On trial to the court, without a jury, judgment was entered for plaintiff against defendant, for the full amount of its claim, irrespective of defendant's defense that the items of plaintiff's indebtedness, if any, find support only in the terms and conditions of the alleged contract.

The evidence is uncontradicted that, plaintiff furnished the items of merchandise to defendant, under the terms and conditions of the alleged contract; and, the record reveals that plaintiff and defendant are in accord with the contract, designating the application of $800 of the merchandise account to 1936 annual installment, toward the purchase of two units of the Insurance Company's stock, and $479.27 of the account paid on regular terms to The Steck Company. Expressive of this view, on January 7, 1937, a Vice-President of The Steck Company accordingly made demand in writing on the Insurance Company for payment of $479.27, and receipt for $800 credit on payment for stock purchased; and, again, on February 4, 1937, asked payment of the account in suit down to $800, and receipt indicating payment of the $800 on stock subscribed. It will also be observed that the contract expressly evidences receipt of the $800 as the first annual payment for stock subscribed, in accordance with terms and conditions of the agreement, thus leaving, without controversy, the sum of $479.27 due and unpaid on the account in suit.

On the status of the pleadings, all terms and conditions under which the merchandise was sold became a pertinent inquiry. Defendant interposed a general denial, thus putting in issue the contract entered into by the parties, under which plaintiff sold and defendant purchased the merchandise in question. The contract is an integral part of the transaction, and, the evidence being undisputed that $800 of the merchandise purchased by defendant was to be applied to purchase of stock, judgment should have been entered for plaintiff against defendant, in accordance with the agreement, for only the excess of merchandise furnished during the year 1936. Accordingly, it is our duty to render such judgment as the trial court should have rendered under the pleadings and evidence; therefore, judgment of the trial court is reformed and here rendered for plaintiff against defendant for the sum of $479.27, with six (6%) percent. interest from January 1, 1937, until paid, and all costs of suit in the court below; and, as reformed, the judgment of the trial court is affirmed, without prejudice to the rights of either party to any cause of action which they may have under the terms and conditions of the contract, not herein determined.

Reformed and, as reformed, affirmed.